**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

MARVIN JUNE PHILLIPS,

No. 98-1616

Defendant,

v.

MARVIN JUNE PHILLIPS, SR.,
Claimant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CR-95-84-5-9-BR)

Argued: January 26, 1999

Decided: July 16, 1999

Before ERVIN, MOTZ, and TRAXLER, Circuit Judges.

_____

Dismissed by published opinion. Judge Ervin wrote the opinion, in
which Judge Motz and Judge Traxler joined.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Jr., RUDOLF & MAHER,
P.A., Chapel Hill, North Carolina, for Appellant. Stephen Aubrey
West, Assistant United States Attorney, Civil Division, Raleigh,

North Carolina, for Appellee. **ON BRIEF:** Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Civil Division, Raleigh, North Carolina, for Appellee.

_____

**OPINION**

ERVIN, Circuit Judge:

Marvin J. Phillips, Sr. ("Phillips") appeals from the denial of his challenge to a district court order staying state foreclosure actions on two pieces of real property seized by the United States ("the Government") under the substitute assets provisions of 21 U.S.C.A. § 853 (West 1993 & Supp. 1999). The district court granted the Government's request to stay the state foreclosure actions in order to protect its interest in the property pending federal forfeiture proceedings. Phillips never held lawful legal title to the forfeited property, so at issue is whether he has standing to bring this action. He insists that he has standing because he suffered an injury-in-fact when he was denied the right to take title to the property after he was the highest bidder at the state foreclosure sale. Because Phillips never obtained an enforceable legal interest in the forfeited property through the state foreclosure sale and thereby lacks standing, we dismiss his appeal.

I.

On August 30, 1996, Phillips' son, Marvin J. Phillips, Jr. ("Phillips, Jr.") was convicted of interstate transportation of stolen property; included was a forfeiture count for $279,270.00. Phillips, Jr. was already in financial trouble and, since his Indictment, was on notice that the Government would seek the forfeiture of substitute assets if sufficient funds were unavailable. In an effort to protect his property from forfeiture, Phillips, Jr. transferred his ownership interest in a house and a condominium he owned in Catawba County, North Carolina to Phillips the night before his conviction.

After the transfer, Phillips, Jr. retained insufficient assets to satisfy his debts and as a result, the Government filed a civil suit against Phillips and Phillips, Jr. alleging fraud in the transfer of the two prop-

2

erties. In an effort to avoid further legal action, Phillips reconveyed title to the house and the condominium to Phillips, Jr. and the Government dropped the suit. Phillips subsequently offered to purchase the property but the Government refused.

Prior to his conviction, Phillips, Jr. refinanced the two properties. Associate Financial Services, Inc. ("Associates") was the mortgagee in the transaction. Phillips, Jr. failed to make his mortgage payments while incarcerated and in July, 1997, Associates initiated a state foreclosure action on the properties. The foreclosure sale was originally scheduled for September 9, 1997, but, at the request of the Government, Associates postponed the sale.

In the meantime, the Government secured a Supplemental Order of Forfeiture ("the Supplemental Order") of the properties in the United States District Court for the Eastern District of North Carolina. The Order mandated that the properties be substituted for Phillips Jr.'s unrecovered debt pursuant to 21 U.S.C.A. § 853(p) and authorized U.S. Marshals to seize the properties for forfeiture to the United States subject to any third party interests that might arise under 21 U.S.C.A. § 853(n). The district court noted that, if no third parties filed a petition claiming an interest in the properties within the statutorily provided time, the Supplemental Order would constitute the Final Order of Forfeiture ("the Final Order"). The Supplemental Order was signed by the court on August 18, 1997, and filed with the Catawba County Register of Deeds on October 2, 1997. Notice of the Supplemental Order was published in two local newspapers. Associates was provided a copy of the Supplemental Order, but not until November 13, 1997.

Associates was willing to postpone the sale of the foreclosed property but apparently grew tired of waiting. When the Government took no action on the properties for approximately three months, Associates decided to hold the foreclosure sale. After notifying all of the interested parties, including the Government, Associates auctioned off the properties on November 13, 1997. Phillips was the highest bidder on both properties.

After the sale, the Government moved to stay the foreclosure proceedings and the district court granted the motion. The Stay Order

3

pertaining to the condominium issued after Phillips had made the high bid but before the upset bid period had expired. The Stay Order relating to the house was granted after Phillips made the high bid and after the upset bid period had expired. Associates never conveyed title to Phillips on either property.

The Government and Associates then entered into a Stipulation in district court recognizing Associates' lienholder interest and agreeing that the Government would repay the lien in full from the proceeds of the eventual sale of the forfeited property. Following the Stipulation, the Government filed a motion in district court seeking entry of the Final Order and directing the sale of the properties. Phillips opposed the Government's motion. The district court granted the motion on March 20, 1998, entered the Final Order, and ordered the sale of the properties and eventual payment of Associates' lien.

Just prior to the entry of the Final Order, Phillips and Phillips, Jr. each filed a motion asking the court to set aside its stay of the state foreclosure sale. The court denied both motions. Phillips appealed the district court's Final Order and moved the court to lift its stay of the state foreclosure pending appeal. The motion for a stay was denied, as was his subsequent Emergency Motion for Stay of Forfeiture Pending Appeal. Phillips appeals the denial of these motions.

II.

The primary issue presented in this case is whether Phillips has statutory standing to attack the Government's disposition of the forfeited properties. Whether a party has standing to claim property in a forfeiture action under 21 U.S.C.A. § 853 is a question of law reviewed de novo. See United States v. Ribadeneira, 105 F.3d 833, 834 (2d Cir. 1997).

The Government sought the forfeiture of the properties at issue under 21 U.S.C.A. § 853 (applicable by virtue of 18 U.S.C.A. § 982(b)(1)). Among other things, that section provides for the forfeiture of substitute assets under certain circumstances. See 21 U.S.C.A. §§ 853(e), (p). Section 853(n) governs the procedures by which third parties can establish their interest in forfeited property.[1] Third parties

_____

[1] Section 853(n) reads in relevant part:

        (n) Third party interests

4

with an interest in the property must assert a claim by filing a petition within thirty days of the final publication of notice or his receipt of

_____

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property . . . . The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property.

* * *

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid . . . because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of the purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

(7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

21 U.S.C.A. § 853(n) (West 1993 & Supp. 1999).

notice. See 21 U.S.C.A. §§ 853(n)(1), (2). Section 853(n)(6) sets out the standard by which the court will evaluate a third party's claim to the property which, if satisfied, requires the court to amend the forfeiture order to accommodate that interest. Section 853(n)(7) further provides that if no petitions are filed within thirty days, the United States will have clear title to the forfeited property with respect to any subsequent purchaser or transferee.

Section 853(n) provides the exclusive means by which a third party can assert his interest in forfeited property. See United States v. Reckmeyer, 836 F.2d 200, 203 (4th Cir. 1987) ("Subsection (n) provides the only means for third parties to establish their interest in forfeited property."). Section (k) further underscores this conclusion by specifically barring third parties from intervening except as provided under subsection (n). See United States v. Security Marine, 767 F. Supp. 260, 262 (S.D. Fl. 1991) (holding that subsection (k) illustrates Congress' intent "to require that all third party claims against property subject to criminal forfeiture . . . asserted after the initiation of the forfeiture proceedings be resolved within the framework established by § 853(n)").

It is undisputed that Phillips did not file a petition to establish his interest in the property as required by 21 U.S.C.A.§ 853(n). However, Phillips argues that he could not have filed a petition because he was not given adequate notice of the pending forfeiture. The question then arises whether the Government gave adequate notice that these properties were subject to forfeiture under the strictures of § 853.

Section 853(n)(1) states that, following the entry of an order of forfeiture, the Government must publish notice of the order and indicate its intent to dispose of the property. Further,"[t]he Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." 21 U.S.C.A. § 853(n)(1) (emphasis added). As the statute makes clear, while notice through publication is required, written notice to specific persons known to have an interest is permissive.

Phillips does not dispute that the Government published notice as required under § 853(n)(1). Rather, he insists that because he had pos-

6

session of the property for nearly a year after his son's conviction and thereafter offered to buy the property from the Government, he was a party "known to have an interest in the property" sufficient to warrant "direct written notice" of the forfeiture under the statute.

Phillips appears to have confused the concepts of "legal interest" and an "interest in purchasing." Under no set of facts presented can Phillips be said to have obtained a lawful or enforceable legal right to these properties.

When the Supplemental Order was issued, Phillips did not own the property, nor did he have a lien against it. Although he briefly held title to the properties around the time of his son's conviction, Phillips had long since reconveyed the property to Phillips, Jr. to avoid charges of fraudulent conveyance. There is no evidence that he had any legal interest or legal right vested in these properties at any time after the reconveyance. At that time, his only interest was an interest in acquiring the properties. Without more, Phillips cannot show that he held a legal interest in these properties sufficient to require the Government to provide him "direct written notice" of the forfeiture proceeding. Under the terms of the applicable statutes, Phillips received all the notice to which he was entitled. Because he never held lawful title to the properties, he does not have standing to bring this claim.**2**

_____

**2** Citing, United States v. Bouler, 927 F. Supp. 911, 914 (W.D.N.C. 1996), Phillips argues that the notice provisions outlined in § 853(n)(1) are not the only procedures with which the Government must comply. In Bouler, a record title holder to forfeited property filed a claim asserting his third party rights nearly three years after the final forfeiture judgment was entered. Bouler insisted that he could not file his claim earlier because he received inadequate notice of the forfeiture. The Government countered, asserting that it complied with 21 U.S.C.A. § 853(n)(1) and therefore, Bouler had received adequate notice. The Bouler court disagreed. Because § 853(j) incorporates 21 U.S.C.A. § 881(d), which in turn incorporates 19 U.S.C.A. § 1607 insofar as it is not inconsistent with the provisions of § 853, the court held that the heightened notice procedures required under 19 U.S.C.A. § 1607(a) applied to forfeiture proceedings initiated under § 853. See id. at 915 (holding that § 1607(a)'s

7

In the alternative, Phillips insists that, even if he cannot show the existence of a legally cognizable interest in the properties prior to the foreclosure sale, he certainly gained a legal interest when he purchased them at the publicly-held state foreclosure sale. Phillips maintains that because he suffered an injury-in-fact when he was denied the right to take title to the properties after the foreclosure sale, he has standing to file this suit.

Phillips could not have obtained a legal interest in the property at the foreclosure sale, however, because the sale itself was invalid. As stated previously, this Court has held that § 853(n) provides the exclusive means by which third parties can establish an interest in forfeited property. See Reckmeyer, 836 F.2d at 203. Pursuant to 21 U.S.C.A. § 853(c) and the Supplemental Order, all right, title, and interest in the forfeited property vested in the United States upon the commission of the act giving rise to the forfeiture. See 21 U.S.C.A. § 853(c). Furthermore, § 853(k) provides that once the indictment against Phillips, Jr. was issued, Associates was barred from"commencing an[y] action at law or equity against the United States concerning the validity of [its] alleged interest in the property . . . subject to forfeiture." 21 U.S.C.A. § 853(k).

_____

requirement that the Government publish notice of a forfeiture for at least three successive weeks and send written notice to each party "who appears to have an interest in the seized [property]" applies to actions under § 853).

Even if we were to accept the Bouler court's interpretation of these statutes and find that Phillips received inadequate notice, Phillips' claim would still be evaluated under § 853(n)(6). Section 853(n)(6) requires that to prove a third party interest in forfeited property a claimant must show that he, not the defendant, had a legal right to the property at the time the criminal acts at issue were committed, or that he was a bona fide purchaser of the property with no cause to believe that the property was subject to forfeiture.

As stated above, under no reading of the facts of this case could Phillips prove that he had a lawful legal interest in the properties at the time the offenses were committed, or at any relevant time thereafter, nor that he was a bona fide purchaser. Therefore, no matter which notice provisions are applied, Phillips lacks a legal interest in the properties at issue, and hence, was not entitled to legal notice of the forfeiture.

8

Although the foreclosure action was technically brought against Phillips, Jr. and not the United States, subsection (c) provides that title to the properties at issue had already vested in the United States at the time of the foreclosure sale. Because the Government held title to the properties at the time of the sale, the foreclosure action constituted "an action at law or equity against the United States" and was statutorily barred under § 853(k). See Security Marine, 767 F. Supp. at 262-63 (holding that § 853(k) bars all alternative methods--especially in rem civil foreclosure actions--under which a third party might assert its claim over forfeited property once the forfeiture proceedings have commenced because any other outcome would create "duplicitous and obfuscating litigation over property subjected to criminal forfeiture").

In further support, when the district court ruled the sale invalid, Associates's lien interest in the properties was in no way jeopardized. The procedural protections provided under § 853(n) afforded Associates sufficient means to guard its lien interest in the properties. It was simply unfortunate that Associates grew impatient and chose to pursue its interest through a foreclosure proceeding. It is equally unfortunate, however, that the Government waited so long to take the necessary actions to effectuate the forfeiture. That said, the case law and statutory authority suggest that the criminal forfeiture statute prohibits a private party, like Associates, from pursuing their interest in forfeited property through a state foreclosure proceeding. Because the state foreclosure proceeding was invalid, Phillips did not suffer an injury-in-fact when he was denied title to the properties at issue.

III.

Under no theory can Phillips show that he had a legally cognizable interest in these properties either before or after the foreclosure sale sufficient to give him standing to pursue this suit. Given Phillips' inability to establish that he has a legal interest in the forfeited property, his appeal is dismissed for lack of standing.

DISMISSED

9