**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-2174**

---

BAYVIEW LOAN SERVICING, LLC, A Delaware Corporation,

                Plaintiff - Appellant,

     v.

UNITED STATES OF AMERICA,

                Defendant - Appellee.

---

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:07-cv-00708-RWT)

---

Submitted: July 14, 2008         Decided: August 5, 2008

---

Before WILKINSON and TRAXLER, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

David H. Cox, Clifton M. Mount, JACKSON & CAMPBELL, P.C., Washington, D.C., for Appellant. Rod Rosenstein, United States Attorney, Richard Kay, Assistant United States Attorney, Baltimore, Maryland; Stefan D. Cassella, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This appeal rises out of the criminal forfeiture of a parcel of real property, and the district court's dismissal of Appellant Bayview Loan Servicing, LLC's, ("Bayview") complaint for a declaratory judgment regarding its alleged interest as a third party creditor in the property that was filed as a separate action, outside of the ancillary proceeding in the criminal case. Bayview claims that the ancillary proceeding under 21 U.S.C. § 853(n) (2000) commenced by the United States was not the exclusive means for Bayview to assert its interests. Bayview further claims that the United States' notice to potential interested parties was statutorily defective and did not meet the requirements of due process. We affirm the district court's order.

We review de novo a district court's order granting summary judgment. Dawkins v. Witt, 318 F.3d 606, 610 (4th Cir. 2003). Summary judgment is appropriate when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Dawkins, 318 F.3d at 610. Summary judgment will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

In United States v. McHan, 345 F.3d 262, 268 (4th Cir. 2003), this court stated that § 853(n) provides a process to

protect a third party's interest in forfeited property. If the third party establishes, in the ancillary proceeding, that he has an interest in the forfeited property, and that interest satisfies the criteria set forth in the statute, the court must modify the order of forfeiture to include the third party's interest. 21 U.S.C. § 853(n)(6); McHan, 345 F.3d at 268; see also De Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006) (the ancillary proceeding serves to ensure that property belonging to third parties who have been excluded from the criminal proceeding is not inadvertently forfeited); United States v. Gilbert, 244 F.3d 888, 909 (11th Cir. 2001) (the ancillary proceeding creates an orderly procedure whereby third parties who claim their property interests have been forfeited in a criminal case can "challenge the validity of the forfeiture order and establish their legitimate ownership interests").

Furthermore, the ancillary proceeding under § 853(n) is the exclusive remedy for third parties. The statute prohibits any person claiming an interest in the property from commencing an action at law or in equity against the Government concerning the person's interest in the property. 21 U.S.C. § 853(k). "The petition authorized by § 853(n) is the exclusive avenue through which a third party may protect his interest in property that has been subject to a forfeiture order." McHan, 345 F.3d at 269; see also United States v. Phillips, 185 F.3d 183, 188 (4th Cir. 1999)

("§ 853(n) provides the exclusive means by which third parties can establish an interest in forfeited property"); United States v. Reckmeyer, 836 F.2d 200, 203 (4th Cir. 1987) (same).

A third party is permitted to assert state law as a basis for determining their interest in the property. See United States v. Kennedy, 201 F.3d 1324, 1334 (11th Cir. 2000) (state property law defines the interests of third parties); United States v. Lester, 85 F.3d 1409, 1412 (9th Cir. 1996) (when a claim is filed in the ancillary proceeding, court looks to state law to see what interest the claimant has in the property and looks to the federal statute to see if that interest is subject to forfeiture).

Thus, Bayview's exclusive remedy was to file a petition in the ancillary proceeding during which it could have asserted Maryland property law in support of its claim that it had an interest in the property.

We find the Government satisfied the statutory requirements for providing notice. See 21 U.S.C. § 853(n)(1). We further find Bayview was afforded due process. The Government provided notice reasonably certain to inform the person affected. Dusenberry v. United States, 534 U.S. 161, 170 (2002). Even after the Government learned the first loan was satisfied, it was not under an obligation to find out if there was a subsequent loan and a new lien holder. See Jones v. Flowers, 547 U.S. 220, 236 (2006) (an "open ended search for a new address — especially when the

- 4 -

State obligates the taxpayer to keep his address updated with the tax collector . . . imposes burdens on the State significantly greater than the several relatively easy options.").

We affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED