**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――

**No. 11-4869**

―――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

ISAAC NOREL STURDIVANT,

                Defendant - Appellant.

―――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00123-WO-1)

―――――――

Submitted: July 12, 2012        Decided: August 17, 2012

―――――――

Before WILKINSON, SHEDD, and FLOYD, Circuit Judges.

―――――――

Dismissed by unpublished per curiam opinion.

―――――――

Jenifer Wicks, LAW OFFICES OF JENIFER WICKS, Washington, D.C., for Appellant. Ripley Rand, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

―――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In March 2011, Isaac Norel Sturdivant pled guilty pursuant to a written plea agreement to possession with intent to distribute 12.7 grams of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(B) (2006). According to the indictment, the offense conduct occurred in January 2009. The district court sentenced Sturdivant to 168 months' imprisonment in July 2011.

On appeal, Sturdivant asks us to vacate his sentence and to remand his case for resentencing under the Fair Sentencing Act of 2010 ("FSA"). As the Supreme Court recently held in the consolidated cases of Dorsey v. United States and Hill v. United States, 132 S. Ct. 2321, 2331 (2012), the FSA's "more lenient penalties" apply retroactively to crack cocaine offenders like Sturdivant, who committed their crimes before passage of the FSA, but who were sentenced after its August 3, 2010 effective date.

In its response, the Government asserts that Sturdivant lacks standing to raise this claim. According to the Government, there is no redressable injury here because the district court did not impose the mandatory minimum five-year sentence and because the court rejected Sturdivant's challenge to the drug quantity attributable to him. We agree and thus dismiss this appeal for lack of standing. See United States v.

2

Phillips, 185 F.3d 183 (4th Cir. 1999) (dismissing appeal for lack of standing).

To have standing to challenge a sentencing statute, a defendant must show that his "sentence might change if he prevailed on his statutory claim." United States v. Bullard, 645 F.3d 237, 246 (4th Cir.), cert. denied, 132 S. Ct. 356 (2011). But there is no possibility for such a change in Sturdivant's sentence. Our review of the record convinces us that the then-applicable five-year mandatory minimum did not influence the district court's sentencing decision. Rather, the district court sentenced Sturdivant to 168 months' imprisonment, at the bottom of his advisory Guidelines range, based on its determination of the drug quantity attributable to him.[*] Thus, because Sturdivant suffered no injury-in-fact from the improper application of this mandatory minimum, he lacks standing to challenge it based on the FSA.

Because the five-year mandatory minimum simply did not affect the sentence ultimately imposed on Sturdivant, he lacks standing to raise this FSA claim. Accordingly, we dismiss Sturdivant's appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*] Although the subject of extensive argument at sentencing, Sturdivant does not appeal the calculation of the attributable drug quantity.

3

materials before the court and argument would not aid the decisional process.

DISMISSED