**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-7273**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

UNDER SEAL,

Claimant - Appellant,

ALAA NIMR GARADA,

Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, Senior District Judge.  (1:20-cr-00027-AJT-1)

Submitted:  February 21, 2023                    Decided:  June 23, 2023

Before GREGORY, Chief Judge, THACKER, Circuit Judge, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Under Seal, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant appeals the district court's orders denying Appellant's motion concerning forfeited property and denying reconsideration. The district court found that Appellant had neither Article III nor statutory standing to assert claims about the property, since Appellant did not allege any ownership or possessory interest in the property. We affirm.

"To reach the merits of a case, an Article III court must have jurisdiction. 'One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so.'" *Virginia House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1950 (2019) (quoting *Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013)). "And when standing is questioned by a court or an opposing party, the litigant invoking the court's jurisdiction must do more than simply allege a nonobvious harm." *Id*. at 1951.

"To cross the standing threshold, the litigant must explain how the elements essential to standing are met." *Id*. Moreover, the standing requirement "'must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.'" *Id*. "As a jurisdictional requirement, standing to litigate cannot be waived or forfeited." *Id*. We review a district court's decision that the claimant lacked standing de novo. *United States v. Phillips*, 883 F.3d 399, 403 (4th Cir. 2018).

"To establish Article III standing, a party 'must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct . . . and (3) that is likely to be redressed by a favorable judicial decision.'" *Id*. (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). "To establish injury in fact, a [claimant] must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or

2

imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339.  A litigant "cannot satisfy the demands of Article III by alleging a bare procedural violation" that is "divorced from any concrete harm."  *Id*. at 341-42; *Cawthorn v. Amalfi*, 35 F.4th 245, 252 (4th Cir. 2022) ("the 'deprivation of a procedural right without some concrete interest that is affected by the deprivation . . . is insufficient to create Article III standing'").

"To meet these requirements, a claimant seeking to challenge a civil forfeiture must have an ownership or possessory interest in the property, 'because an owner or possessor of property that has been seized necessarily suffers an injury that can be redressed at least in part by return of the seized property.'" *Phillips*, 883 F.3d at 403.  "At the pleading stage, a claimant in a civil forfeiture case need only *allege* a possessory or ownership interest in the property." *Id*.  "The Fourth Circuit uses a higher 'dominion and control' test to determine Article III standing in *criminal* forfeiture cases." *United States v. Batato*, 833 F.3d 413, 434 n.6 (4th Cir. 2016).  Where a claimant asserts a hypothetical "interest in a claim, not an interest in property," the claimant lacks Article III standing. *Id*. at 434-35 & n.6; *see also United States v. Phillips*, 185 F.3d 183, 188 (4th Cir. 1999) (claimant who had "an 'interest in purchasing'" properties but no "legal interest" under 21 U.S.C. § 853(n) "did not suffer an injury-in-fact when he was denied title to the properties at issue").

"Because criminal forfeiture is an action brought against a defendant as part of the prosecution of that defendant, there is only a very limited possibility for a third party to intervene." *Phillips*, 883 F.3d at 404.  "Section 853(n) provides the exclusive means by which a third party can assert his interest in forfeited property." *Phillips*, 185 F.3d at 186. "Section (k) further underscores this conclusion by specifically barring third parties from

intervening except as provided under subsection (n)." *Id*. For a sufficient legal interest in forfeited property to show standing under § 853(n), a petitioner must show more than bare legal title or a property interest under state law, but also dominion and control over the property at the time of the crime giving rise to the forfeiture, or that he was a bona fide purchaser without cause to believe it was subject to forfeiture. *In re Bryson*, 406 F.3d 284, 290-91 (4th Cir. 2005); *United States v. Morgan*, 224 F.3d 339, 342-43 (4th Cir. 2000).

We have reviewed the record and find no reversible error. Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*